**BROADCAST MUSIC, INC., Plaintiff,**

v.

**CBS, INC., Defendant.**

**No. 76 Civ. 4483(MP).**

United States District Court, S. D. New York.

Nov. 3, 1976.

---

Hughes, Hubbard & Reed, New York City, for plaintiff; Amalya L. Kearse, George A. Davidson, Pamela R. Chepiga, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant; Alan J. Hruska, R. John Cooper, New York City, of counsel.

## DECISION

POLLACK, District Judge.

The plaintiff, BMI, moves to restrain the defendant, CBS, by preliminary injunction from relitigating a copyright misuse claim which has already been tried and determined in this Court by Judge Lasker in the case of *CBS v. ASCAP,* reported at 400 F.Supp. 737 (S.D.N.Y.1975). That determination is presently on appeal to the Court of Appeals, Second Circuit; the appeal was argued on October 14, 1976 and decision was reserved. This suit was filed on October 12, 1976 and plaintiff contends that the Court's power to enjoin the state proceedings exists whether or not Judge Lasker's determination is subject to alteration through appellate review. *Woods Exploration & Producing Co. v. Aluminum Company of America,* 438 F.2d 1286, 1311–16 (5th Cir.), *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1972).

The opposition to the provisional remedy sought rests primarily on the contention that the issues in the State Court case are not the same and that the plaintiff does not meet the criterion of facing irreparable damage unless a preliminary injunction is granted.

The pertinent facts are as follows.

In December 1969, CBS sued ASCAP, BMI and others in this Court for copyright misuse. CBS charged that the agreements and practices employed by the defendants therein in obtaining performance rights from writers and publishers of music and in licensing those rights to music users such as CBS, constituted copyright misuse and price fixing in violation of the Sherman Act, 15 U.S.C. § 1 et seq. After an eight week trial, on September 22, 1975, Judge Lasker dismissed the CBS complaint on the merits.

Meanwhile, on January 10, 1975, BMI commenced a state court action against CBS for damages on the same contract involved in the case decided by Judge Lasker. CBS interposed an answer and asserted as a fourth affirmative defense, the same claim of copyright misuse under consideration in the federal court suit. CBS contends that it added to its previous contentions in the federal suit the further claim that the state's anti-trust law was violated, New York's Donnelly Act, Gen.Bus.L. § 340, and that this new matter makes its claim against BMI go beyond Judge Lasker's decision in the federal suit.

In the federal court case, CBS stipulated that a decision on the feasibility of direct licensing from members of ASCAP would be determinative on the feasibility of direct licensing from BMI affiliates, i. e., that both would involve the same difficulty of sufficient flexibility to meet CBS' direct licensing requirements. The decision by Judge Lasker reflects explicit consideration of this stipulation on the substantive merits

of the case decided in favor both of ASCAP and BMI, 400 F.Supp. at 751, n.9. If this is so, the federal decision represents a final determination of the question asserted in the fourth defense of the state court case. CBS suggests on this motion that the stipulation was made to withdraw that subject matter from the federal litigation, to split it off from the rest rather than to consent to an ultimate fact for consideration on the overall merits of the case.*

The moving party has made a fairly clear showing of substantial questions going to the merits of this suit which make them fair ground for litigation in an atmosphere where the balance of the hardships tips decidedly in favor of BMI and against CBS. There is a fair showing of probable success of BMI herein on the merits against a reasonably certain period of egregious delay in the vindication of BMI's rights and establishment of the overriding effect of the judgment rendered by Judge Lasker. Incident thereto, the past course of litigation and experience indicates prolix, protracted, time-consuming, probably duplicating and technically oriented but seemingly [by Judge Lasker's decision] unsound assertion of claims by CBS in the premises. The consequences thereof to any litigant in the position of BMI cannot be reasonably measured or adequately requited. That represents "irreparable" potential injury sufficient for the test thereof in an evaluation of whether a provisional remedy is appropriate. Irreparable in the context here means no more than that a Court sees no really good reason in conscience to permit a litigant to act apparently in a manner to flout its orders and determinations. Not to be overlooked either in this connection is the

potential for abuse of the facilities and resources of Courts to administer such affairs.

Sufficient reason appears hereon for the issuance of a temporary restraining order pending a further hearing to determine whether a preliminary injunction should be granted herein.

Self-evidently the issue to be decided in this case is strongly related to the proceedings so fully and exhaustively considered by Judge Lasker. The parties hereto have consented that this case be transferred to Judge Lasker.

The case and the motion for a preliminary injunction are, with Judge Lasker's consent, transferred to Judge Lasker for all purposes.

SO ORDERED.

---

* BMI achieved a determination of the issue posed in the federal case after arduous, expensive and protracted litigation on a complex subject matter. BMI had no desire to renew the same by relitigation thereof in state court and by cross-motion to CBS' motion for summary judgment returnable August 27, 1976. BMI sought a ruling that CBS' claim was barred by *res judicata*. However, due apparently to press of other matters, the state court Justice announced that he would be unable to reach a decision on the motions until 1977 and

suggested the appointment of a private referee, at the expense of the parties, to hear and report on the motions with power to subpoena witnesses and take testimony. Both sides stipulated thereto and a referee was appointed; no hearings have as yet been held. BMI now seeks to cancel this procedure before a referee, so far as concerns the alleged misuse of copyright, by the instant suit and its motion herein for a preliminary injunction. The appointed referee has advised the parties that he will await a decision of this Court.